In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-11-00447-CV
_____

### DAVID H. MELASKY, Appellant

### V.

### TY WARNER, Appellee

_____

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 09-12-12373 CV**

_____

### MEMORANDUM OPINION

In this appeal, we are asked to decide whether the trial court, after allowing an

attorney to withdraw from the case, had the power to sanction the defendants' former

attorney for his role in abusing the discovery process.[1] We hold the trial court had the

---

[1] David H. Melasky has not claimed that the order for sanctions was merged into the final judgment. The trial court rendered judgment on the merits against Melasky's former clients, Christine Shelton, Individually and d/b/a Houtex Auto Group, and Ryan Nowroozi, but they did not file a notice of appeal. Consequently, only the sanctions order is at issue here. Although the judgment does not expressly incorporate the sanctions order, and the judgment does not contain a Mother Hubbard clause, the clerk's record indicates that the trial court, on the same day, gave the sanctions order and the judgment

1

authority to impose sanctions on the defendants' former attorney, and that it did not abuse its discretion by doing so. In awarding sanctions, the trial court chose to shift the fees and expenses that had been incurred by the plaintiffs in the trial court to the defendants and their attorneys. However, we further conclude the trial court did not have sufficient evidence to support its implied finding that the attorney's fees and expenses it chose to award were reasonable. Consequently, we must reverse and remand the trial court's awards for further proceedings, consistent with this opinion.

Background

In 2010, David H. Melasky appeared on behalf of Christine Shelton, Houtex Auto Group, and Ryan Nowroozi, who were named as defendants in a lawsuit filed by Ty Warner. Approximately a year later, after several depositions in the case were scheduled, Melasky filed a motion to withdraw. Warner responded to the motion to withdraw, requesting that the trial court condition any decision to grant the motion so that Melasky's withdrawal would not affect impending proceedings, which consisted of depositions and mediation, all of which had been previously scheduled to take place at Melasky's office. Additionally, Warner advised the trial court he was a Wisconsin

to the clerk for entry. In his brief, Melasky states the final judgment and order for sanctions were entered at the same time. Finally, the record of the trial has not been filed in the appeal; as a result, we presume the record designated by the parties constitutes the entire record for purposes of reviewing the issues raised in Melasky's appeal. *See* Tex. R. App. P. 34.6(c)(4). On the record before us, we conclude that the trial court did not intend for its judgment to supersede its order for sanctions.

2

resident with plans to travel to Texas for the depositions and mediation scheduled for Melasky's office beginning on May 31, 2011.

Four days before the depositions were to commence, the trial court held a hearing on Melasky's motion to withdraw. The trial court's order, rendered on the date of the hearing, states that "currently scheduled depositions, mediations and trial date are not affected by this order, and it is ordered that such shall go forward as currently scheduled."

Later that day, in response to an e-mail from Warner's attorney indicating that the depositions and mediation were all to take place at Melasky's office, Melasky replied: "You will not be using my office[.]" Melasky, however, provided Warner's attorney with no information regarding having arranged for the proceedings to go forward elsewhere. Additionally, Melasky failed to clarify whether Warner's deposition, also scheduled on May 31 based on a notice Melasky provided, would be withdrawn.

When Warner's counsel sent an additional request to clarify the status of the impending depositions and mediation, Melasky replied: "I told you not to contact me if you opposed the Motion to Withdraw. Unless I see something filed that says the Motion is Unopposed, do not contact me." A final e-mail sent by Warner's counsel to Melasky, attempting to clarify whether Warner would be required to travel to Texas for his deposition in Texas, was never answered.

On the date that depositions were to begin, Melasky failed to make his office available. Claiming that Melasky had prevented the depositions and mediation from proceeding "as scheduled," Warner filed a motion for sanctions. *See* Tex. R. Civ. P. 215. In his motion for sanctions, Warner requested that the trial court hold Melasky and his clients jointly responsible for Warner's airfare, for the time counsel had spent preparing for the depositions, for the time counsel had spent preparing the motion for sanctions, and for the time counsel would spend traveling to Montgomery County to argue the motion for sanctions. Warner's motion also asked the trial court to strike the opposing party's pleadings, and to allow Warner to attend future proceedings by telephone.

In his response to the motion for sanctions, Melasky alleged that he became a stranger to the case when he withdrew, that Warner's counsel should have arranged a new location for the proceedings with the defendants who then were representing themselves, and that the conference room where the depositions and mediation had been scheduled to occur was "only available for the use of the tenant attorneys." According to Melasky, he had no duty to act because the trial court had permitted him to withdraw. Additionally, Melasky objected that Warner's motion for sanctions was not a sworn motion.[2]

---

[2]Warner's amended motion for sanctions, which is the motion on which the trial court ruled, contains twenty-four exhibits; they consist of copies of correspondence between the attorneys known regarding scheduling issues, notices of depositions, correspondence from the mediator, and a copy of the trial court's order requiring the depositions and mediation to go forward, as scheduled.

4

After conducting a non-evidentiary hearing, the trial court granted Warner's motion for sanctions. The trial court held Melasky jointly responsible with his former clients, Shelton, Nowroozi, and Houtex Auto Group, for Warner's airfare of $537.30, and awarded Warner a recovery of $1,400 in attorney's fees. The amounts the trial court awarded are based solely on the time Warner's counsel represented that he spent to prepare for depositions and the amount he claimed Warner incurred in airfare. The trial court did not award attorney's fees in the additional sum of $2,800 that Warner's counsel represented was incurred preparing the motion for sanctions.

On appeal, Melasky contends

- the trial court sanctioned him for conduct by another party,

- the trial court awarded sanctions without supporting evidence relative to his alleged misconduct,

- the trial court awarded attorney's fees unsupported by evidence, and

- the trial court ordered excessive sanctions.

First, we address Melasky's claim that the trial court should have conducted an evidentiary hearing on Warner's motion for sanctions. Whether to hold an oral hearing on a motion for sanctions is a matter that is generally left to the discretion of the trial court. *See Cire v. Cummings*, 134 S.W.3d 835, 843-44 (Tex. 2004). Additionally, Melasky did not request that the trial court conduct an evidentiary hearing or allow him to present argument on the matter. With respect to the complaint that the trial court heard the matter

5

based on the submissions of the parties, Melasky failed to perfect his complaint for our review. *See* Tex. R. App. P. 33 (requiring that a party must show that he complained of the trial court's action in a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought).

Although Melasky argues the contested matters required the trial court to conduct an evidentiary hearing, he does not dispute that he told Warner's counsel he would not permit the depositions to take place at his office. The trial court could also determine from Melasky's response that he had control over whether the depositions occurred at his office, as Melasky's response allowed the trial court to conclude that while a tenant, he could give permission for the depositions and mediation to occur there. Although the trial court permitted Melasky to withdraw, it did so under the condition that the depositions were to proceed as scheduled. The record does not reflect that before the date of the scheduled depositions and the mediation, Melasky advised the trial court that as a tenant, he could not fulfill the trial court's requirements and that he would not allow the matters to proceed, as scheduled in his office.

We conclude that the rules of error preservation required Melasky to lodge a timely objection to preserve his complaint for review on appeal. The complaint Melasky now raises on appeal, arguing he did not have the capacity to make his rented offices available on the date the proceedings were to occur, was not preserved for our review. *See* Tex. R. App. P. 33.

6

Next, we address whether the trial court had the authority to sanction Melasky after he withdrew. Citing *Bodnow Corp. v. City of Hondo*, which held an intervenor could not be sanctioned for discovery abuse committed by the aligned plaintiffs before he joined the suit, Melasky argues the trial court abused its discretion by sanctioning him for the conduct of his former clients after he ceased representing them. *See* 721 S.W.2d 839, 840 (Tex. 1986). However, *Bodnow* concerned the visitation of sanctions on an entity that was not a party when the abusive conduct occurred; here, it appears the trial court held Melasky responsible for his own conduct, as the trial court, in its order granting Melasky's motion to withdraw, required him to allow the depositions and mediations to "go forward as currently scheduled." Melasky's role in preventing the proceedings from going forward was not disputed.

Even though the trial court allowed Melasky to withdraw, trial courts are allowed to impose conditions upon granting an attorney's request to withdraw. *See* Tex. R. Civ. P. 10. The trial court's order on Melasky's motion to withdraw stated that the depositions and mediation were to proceed as scheduled. The trial court could properly interpret its order as having required Melasky to make his office available as a condition of his withdrawal. *See id.*

Melasky's refusal to comply with the trial court's order concerns his role as an officer of the court. When addressing discovery abuse, the trial court must identify the party responsible for the offending conduct. *Transamerican Natural Gas Corp. v. Powell*,

7

811 S.W.2d 913, 917 (Tex. 1991). The trial court had sufficient information before it to know that it had not permitted Melasky to withdraw unconditionally and to conclude that Melasky had a role in preventing the discovery proceedings from occurring in his office. The record also allowed the trial court to conclude that Melasky interfered with the trial court's order by refusing to allow the depositions and mediation to proceed at his office. We hold the trial court correctly identified Melasky as an offending party. *Id.* at 917. In the exercise of the trial court's inherent power to discipline an attorney's behavior, we hold the trial court had the authority to sanction Melasky, even though at the time it levied the sanction, it had permitted him to withdraw. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997).

Melasky also contends the trial court awarded sanctions without supporting evidence and that the trial court's sanctions are excessive. We address these issues together.

When the trial court imposes sanctions, a party is not entitled to a jury determination concerning the amount the trial court may choose to award as sanctions. *See Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex. 1984). Nevertheless, the sanction that a trial court imposes must be just. *Cire*, 134 S.W.3d at 839. In the case of fees and expenses, the sanction imposed must not exceed the amount required to remedy the prejudice caused to the innocent party. *Id.; see also PR Inv. and Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 480 (Tex. 2008). Trial courts may also take judicial notice of

what constitutes a usual and customary fee when awarding sanctions. *Cire*, 134 S.W.3d at 844.

However, in sanctioning Melasky, the trial court did not take judicial notice of what constitutes a usual and customary fee. Without evidence supporting the award, the award is not bound by appropriate guidelines. "[A] sanction cannot be excessive nor should it be assessed without appropriate guidelines." *Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007). The non-exhaustive *Arthur Andersen* factors provide the guiding principle for the trial court. *See Arthur Andersen & Co. v. Perry Equip. Corp*., 945 S.W.2d 812, 818 (Tex. 1997); *see also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 380 (Tex. App.—Houston [14th Dist.] 2012, pet. filed).

The trial court ordered Melasky and his former clients to repay Warner for his airfare to attend the depositions and to repay Warner's counsel for the time required to prepare for the depositions and mediation "in the amount of $1,400.00." Those are the precise amounts for those proceedings that Warner requested in his motion for sanctions. Nevertheless, no attorney's fee affidavit or supporting documents were attached to the motion for sanctions. We conclude that the trial court had no evidence upon which to base the award of "the reasonable expenses, including attorney fees, caused by the failure" to obey the trial court's order. *See* Tex. R. Civ. P. 215.2(b)(8).

When the record shows that sanctions are appropriate but the amount of the sanction is not justified by the record, or when an award of attorney's fees is justified but

the amount awarded is not supported by evidence, we may remand the case for the trial court to determine a just award. *See Low*, 221 S.W.3d at 621-22; *see also Tomsu v. Tomsu,* No. 09-11-00029-CV, 2012 WL 4459445, at *4 (Tex. App.—Beaumont Sep. 27, 2012, no pet. h.). Where the assessed sanctions were based on actual fees and expenses that were allegedly incurred, but the evidence is insufficient to support the amount awarded, the proper remedy is to remand the case to the trial court to allow the parties to submit evidence on the fees and expenses incurred, which allows an appeals court to review the award based on the guiding rules and principles. *See Low*, 221 S.W.3d at 621-22.

In his fourth issue, Melasky contends the sanctions imposed "make no sense in the context of the case." Because the case will be remanded, allowing the trial court to reconsider the amount of sanctions that are to be imposed, Melasky's complaint on this issue may be cured on remand. For this same reason, we do not address Melasky's other arguments concerning the amount awarded by the present order. *See* Tex. R. App. P. 47.1 (requiring appellate opinion to address issues raised that are necessary to a final disposition of the appeal).

The defendants, Christine Shelton, Houtex Auto Group, and Ryan Nowroozi have not appealed from the trial court's award of sanctions. The trial court's order with respect to these defendants is affirmed. With respect to David H. Melasky's appeal, we affirm the trial court's decision to award sanctions, but we reverse the awards of $1,400 and

10

$537.30 against him, and we remand the case to the trial court to allow it to assess a

sanction of fees and expenses as supported by sufficient evidence.

              AFFIRMED IN PART; REVERSED AND REMANDED IN PART.


_____
HOLLIS HORTON
Justice


Submitted on July 17, 2012
Opinion Delivered November 29, 2012
Before McKeithen, C.J., Kreger and Horton, JJ.

11