**Randall L. TOMSU, Appellant,**

v.

**Karen E. TOMSU, Appellee.**

**No. 09–11–00029–CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 30, 2012.

Decided Sept. 27, 2012.

William E. Harrison, Harrison & Dietrich, PLLC, Conroe, TX, for Appellant.

Jo Miller, Law Office of Jo Miller, PLLC, Conroe, TX, for Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

In this appeal arising from a divorce case, we are required to decide whether a principle of estoppel—the acceptance-of-benefits doctrine—prevents our deciding the issues Randall L. Tomsu has raised on appeal. In six issues, Randall claims (1) the trial court made a disproportionate division of the community estate, (2) the trial court valued an asset awarded to Karen E. Tomsu by erroneously considering future taxes on the asset in determining its present value, (3) the trial court abused its discretion by failing to grant his request for spousal support, (4) the trial court abused its discretion by not allowing a written report authored by a licensed appraiser to be presented to the jury, (5) no evidence supports the trial court's award of Karen's attorney's fees for the appeal, and (6) no evidence supports the trial court's award of attorney's fees Karen incurred for the trial.

### Acceptance of Benefits

Karen contends that Randall is prevented from having any of his issues considered on appeal because he accepted the benefits of the decree. Karen's argument relies on the acceptance-of-benefits doctrine, recognized by the Texas Supreme Court in *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). In *Carle*, the Supreme Court stated: "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Id.* In the same opinion, the Texas Supreme Court recognized one narrow exception to this rule, indicating that an appellant would be allowed to prosecute the appeal if the appellant "accept[ed] only that which appellee concedes, or is bound to concede, to be due [the appellant] under the judgment[,] [the appellant] is not estopped to prosecute an appeal which involves only [the appellant's] right to a further recovery." *Id.*

Intermediate appellate courts have applied *Carle*'s narrow exception to include circumstances where (1) the reversal of the judgment could not affect the appellant's right to the benefits the appellant was claiming, and (2) where economic circumstances have compelled the appellant to accept the benefits so that the appellant's acceptance is not considered as having been made voluntarily. *See Waite v. Waite*, 150 S.W.3d 797, 803–04 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). However, in the case before us, Randall

does not claim that he accepted the benefits of the decree because his economic circumstances made his acceptance an economic necessity.

■ All but two of Randall's issues concern the trial court's division of the community estate. The two others, addressing the trial court's failure to award spousal maintenance and the trial court's award of appellate fees, are issues that do not affect the decree's division of the couple's community property. We conclude that these two issues can be considered in Randall's appeal. *See Roa v. Roa,* 970 S.W.2d 163, 166 (Tex.App.-Fort Worth 1998, no pet.) (holding that a party who accepts a property division is not estopped from appealing a severable portion of the judgment, such as custody or child support).

The decree reflects that the judgment affected a division of the parties' nine checking accounts, an annuity, four individual retirement accounts, as well as an employment retirement account. Among other circumstances that tend to show that Randall accepted the benefits of the decree, the record shows that after the trial court rendered judgment, Randall deposited a check for $6,711 into his account that, in the absence of the trial court's decree, would have been community property. Randall also received a check from Karen in the amount of $37,000 and deposited those funds into his account.

■ The burden to establish that an exception to the acceptance of benefits doctrine applies is borne by Randall. *See Richards v. Richards,* 371 S.W.3d 412, 414–415 (Tex.App.-Houston [1st Dist.] 2012, no pet.); *Smith v. Tex. Commerce Bank–Corpus Christi, N.A.,* 822 S.W.2d 812, 814 (Tex.App.-Corpus Christi 1992, writ denied) (concluding that appellant's failure to establish exception to acceptance-of-benefits doctrine prevented challenge to the judgment on appeal). With

respect to issues one, two, four, and six, all of which concern the division of the parties' marital estate, Randall has not shown that exceptions apply.

In conclusion, the record reflects that Randall received significant benefits under the decree, including cash. *See Waite,* 150 S.W.3d at 803–06. Randall accepted the benefits of the divorce judgment's property division by accepting the transfer of assets from Karen's control. *See Carle,* 234 S.W.2d at 1004. Randall did not supersede the judgment. *Sprague v. Sprague,* 363 S.W.3d 788, 793 (Tex.App.-Houston [14th Dist.] 2012, pet. denied) (instructing that the acceptance of the benefits doctrine does not arise if the appellant supersedes the judgment). We hold that Randall is estopped from challenging the property division. We dismiss as moot issues one, two, four, and six because Randall accepted the benefits of the decree. *See Richards,* 371 S.W.3d at 417 (dismissing appeal challenging a divorce decree for being moot due to the application of the acceptance-of-benefits doctrine).

### Spousal Maintenance

In issue three, Randall argues the trial court abused its discretion in denying his request for spousal maintenance. The Texas Family Code authorizes spousal support "only if the spouse seeking maintenance will lack sufficient property ... on dissolution of the marriage to provide for the spouse's minimum reasonable needs[.]" *See* Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 1, 2005 Tex. Gen. Laws 3146, 3146, *amended by* Act of May 18, 2011, 82nd Leg., R.S., ch. 486, § 1, 2011 Tex. Gen. Laws 1239, 1239 (for current version *see* Tex. Fam. Code Ann. § 8.051 (West Supp. 2012)).

In response to Randall's complaint that the trial court failed to file findings of fact

and conclusions of law, we abated the appeal and remanded the case to the trial court. The trial court's findings of fact and conclusions of law appear in a supplemental record. *See* Tex. R. App. P. 34.5(c). The trial court found:

(1) Randall did not present any evidence of his minimum reasonable needs and did not timely file a Financial Information Sheet as required by the trial court's scheduling order;

(2) Randall did not present any evidence of whether he could provide the amount of his minimum reasonable needs given a consideration of the property division and his ability to support himself through appropriate employment;

(3) Randall did not present any evidence that he was unable to support himself through appropriate employment because of an incapacitating disability;

(4) The medical records of Randall's primary care physician contained no evidence of any incapacitating disability which would prevent Randall from employment appropriate to meet his minimum reasonable needs;

(5) On numerous occasions when Randall was seen, he did not appear to have any physical limitations;

(6) Since 2003, Randall had not tried to find appropriate employment; and

(7) Randall had not obtained additional skills to secure suitable employment despite having been presented opportunities for additional training and schooling.

■ To succeed on a claim for spousal maintenance, Randall, as the spouse seeking maintenance, must show that he is unable to earn sufficient income to provide his minimum reasonable needs. *See* 2005 Tex. Gen. Laws 3146. Randall testified that he had been unable to work while caring for Karen's adult son, who had a job at a fast-food restaurant. According to Karen, Randall, although unemployed, had not provided her son with significant care. Randall testified that his income of $1,510 per month came from social security benefits that he began receiving in 2008. Randall had back surgery in 1975 and 1985, and he had arthroscopic knee surgery in 2006; however, he admitted that his medical records do not show that he suffers presently from any physical condition that makes him unable to work. Other testimony showed that during the two year period before the trial, Randall was seen performing normal yard maintenance over one dozen times; at that time, Randall was not seen using special equipment or observed carrying himself in a manner that suggested any incapacity. With respect to the parties' respective earning capacities, the evidence reflects that Karen's earned income far exceeds Randall's. However, Randall did not submit evidence to show the income he would need to satisfy his minimum reasonable needs.

■ We review the trial court's failure to award spousal maintenance for abuse of discretion. *Chafino v. Chafino,* 228 S.W.3d 467, 474 (Tex.App.-El Paso 2007, no pet.). In *Chafino,* the appellant had medical conditions that she testified prevented her from working, but there was no evidence in the record to indicate that she attempted to return to work during the separation and she received significant assets in the property division. *Id.* at 475. The appeals court held that the trial court did not abuse its discretion by failing to award maintenance. *Id.* Here, Randall did not show that his income together with the assets he received in the property division were insufficient to allow him to provide for his minimum reasonable needs. The

trial court did not abuse its discretion. We overrule issue three.

### Appellate Attorney's Fees

Randall's fifth issue contends the trial court abused its discretion by awarding attorney's fees to Karen for the appeal. These fees were requested and granted in a post-decree motion and order. *See* Tex. Fam. Code Ann. § 6.709(a)(2) (West 2006). The trial court ruled that a post-decree order to pay attorney's fees is necessary for the preservation of the property or for the protection of the parties during the appeal, but made no findings regarding the reasonableness of the fees or their necessity.

■■■ The grant of attorney's fees is reviewed for abuse of discretion. *In re A.A.L.*, No. 12–11–00161–CV, 2012 WL 1883763, at *2, 2012 Tex.App. LEXIS 4132, at *4 (Tex.App.-Tyler May 23, 2012, no pet.) (mem. op.). To recover attorney's fees, the party must prove the reasonableness of the fees. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998). The non-exhaustive *Arthur Andersen* factors provide the guiding principle for determining whether attorney's fees are reasonable. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). During the hearing, Karen's lead attorney stated that she charges $300 per hour. She requested that the trial court order Randall to pay $15,000 in fees, but counsel did not state what work would be necessary for the appeal or how many hours an attorney of her experience would probably spend briefing the issues. The trial court was aware of the size of the record and complexity of the potential issues, but made no findings connecting the size and complexity of the case to its award. We conclude the record supporting attorney's fees for the appeal is too conclusory to support the amount the trial court awarded.

Although Karen provided no evidence that an attorney's fee for the appeal of $15,000 is reasonable, there is evidence that attorney's fees were being incurred and evidence regarding the hourly rate being charged by Karen's attorney. However, the record is not sufficient because there is no evidence about the number of hours that were reasonable for handling the appeal. We conclude the trial court abused its discretion by awarding fees without supporting evidence showing the number of hours that would be spent handling Karen's appeal. Accordingly, we reverse the trial court's order awarding appellate attorney's fees, and we remand the case to the trial court to determine a reasonable award. *See A.A.L.*, 2012 WL 1883763, at *3–4, 2012 Tex.App. LEXIS 4132, at *9–10. The decree of divorce is affirmed.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.