**Dismissed and Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00911-CV

### KEDREN LEEDY, Appellant

### V.

### BRAD LEEDY, Appellee

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2010-35091**

## O P I N I O N

Kedren Leedy appeals from a final decree of divorce terminating her marriage to Brad Leedy. In a single issue, Kedren challenges the trial court's determination that she could not revoke her consent to a Rule 11 agreement on which the final decree was based. In a motion to dismiss the appeal, Brad contends that Kedren is estopped from challenging the trial court's judgment because she accepted benefits under that judgment. We dismiss the appeal.

*Background*

Kedren and Brad were married in February 1996. Kedren filed for divorce on June 7, 2010, and Brad filed a counter-petition shortly thereafter. The parties agreed on numerous issues prior to trial, including conservatorship and rights of possession concerning their three children. They tried the remainder of the issues, including domicile restriction and property division, to the associate judge of the 309th District Court, beginning on April 25, 2011. After trial, the associate judge signed a letter to the parties in which he purported to give his "rendition concerning the issues reserved for the Court."[1] In this document, dated May 4, 2011, the associate judge specified a geographical restriction for the children's residence and provided a division of the marital assets. Of particular note to the present appeal, the associate judge specifically stated that each party was awarded "50% of Texcalibur Armor, LLC." Kedren's attorney was instructed by the associate judge to "draft the order," and an entry date was set for May 18, 2011.

On May 11, 2011, Brad filed a Motion for Reconsideration, alleging that an amicable working relationship between the parties as partners in Texcalibur was unlikely. Brad specifically requested the associate judge reconsider the award of 50% interest in the company to each party, and he suggested the "maximum book value" of the company was in the range of $25,000 to $40,000 based on Brad's trial testimony. On May 13, Kedren filed a response urging the associate judge to deny the Motion to Reconsider; then, on May 31, she filed a motion for appraisal of Texcalibur.

Thereafter, on June 3, 2011, the parties entered into a "Rule 11 Agreement" in which Brad agreed to pay Kedren $125,000 for her half of Texcalibur. The handwritten agreement reads in full:

---

[1] The clerk's record lists this document as a "Master's Report."

2

## Rule 11 Agreement

The parties and counsel hereby agree & stipulate that the Decree of Divorce in this matter shall reflect the rendition of the Court, except as follows:

> Brad Leedy is to be awarded 100% interest in TexCalibur, L.P. and all related entities and assumes any and all liabilities associated therewith.

> In exchange[,] Brad Leedy shall pay to Kedren Leedy the sum of $125,000.00 on or before 5:00 p.m. on June 10, 2011.

The above agreement is made pursuant to TRCP 11 and shall be binding on all parties and counsel.[2]

The parties and their attorneys each signed the agreement, and the associate judge signed it as "[a]ccepted and approved." The signed document was filed with the court on the same day.

On June 10, 2011, Kedren filed a motion seeking to withdraw her consent from the Rule 11 Agreement. In the motion, she states that the Rule 11 Agreement had "yet to be rendered" and that she had hired an expert who was prepared "to testify that the valuation of the business is significantly higher than what was originally thought." Both sides filed memoranda of law regarding the question of withdrawal of consent. On July 7, 2011, the presiding judge of the 309th District Court denied Kedren's motion and set entry of the final order for July 19. On July 21, the presiding judge signed a final decree of divorce incorporating the associate judge's prior rulings and the Rule 11 Agreement.

After Kedren filed her brief in this appeal, Brad filed a motion to dismiss, asserting that Kedren was estopped from pursuing the appeal because she had

---

[2] Although the precise name "Texcalibur Armor, LLC" does not appear in the Rule 11 Agreement, the parties do not dispute that the entity named therein is the same entity as mentioned in the associate judge's letter.

3

accepted benefits under the judgment she challenges in the appeal. Attached to the motion was an affidavit by Brad in which he averred that on June 7, 2011, pursuant to the Rule 11 Agreement, he wrote a check for $125,000, payable to Kedren, and she subsequently endorsed it and received the funds. Attached to the affidavit was a copy of the check demonstrating that it had been endorsed by Kedren and the funds withdrawn from the account on September 13, 2011.

In response, Kedren acknowledged receipt of the funds but contended that she was entitled to the funds as they constituted the value of Texcalibur as stipulated in the Rule 11 Agreement. She further suggested that in the event of a remand in the case, Brad could simply be credited with having paid the stipulated value of the asset to Kedren. Lastly, she asserted that the trial court's judgment was void.

On February 28, 2012, this court issued a per curiam opinion dismissing the appeal. *Leedy v. Leedy*, No. 14-11-00911-CV, 2012 WL 629185 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012) (mem. op.) (withdrawn by order of April 26, 2012). After Kedren filed a motion for rehearing, adding additional argument and support for her contention that the acceptance of benefits doctrine did not prevent an appeal from a void judgment, we withdrew our opinion on April 26, 2012 and reinstated the appeal for further consideration.

*Motion to Dismiss*

Generally, a party that accepts benefits under a judgment is estopped from challenging the judgment on appeal. *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle*, 234 S.W.2d at 1004. The rule is based on the principle of

4

estoppel, but is subject to certain exceptions. *Id.* The burden is on the movant/appellee to demonstrate the application of the acceptance of benefits doctrine. *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). The appellee may rely on an affidavit attached to the motion to dismiss. *See Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Argovitz v. Argovitz*, No. 14-04-00885-CV, 2005 WL 2739152, at *2 (Tex. App.—Houston [14th Dist.] Oct. 25, 2005, no pet.) (mem. op.).[3] Once an appellee establishes an acceptance of benefits, as Brad did here, the burden shifts to the appellant to demonstrate either that the doctrine does not apply or that an exception to the doctrine applies. *Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Kedren argues the acceptance of benefits doctrine does not apply in this case because (1) she is appealing from a void judgment, (2) she is entitled to the funds and reversal of the judgment would not affect her right to the funds ("Entitlement Exception"), and (3) she only received cash benefits which could be taken into account by the trial court in the event of a redistribution of the marital estate upon remand ("Cash Benefits Exception"). We will discuss each argument in turn.

*Estoppel May Apply to a Void Judgment*

Kedren first contends that the acceptance of benefits doctrine does not apply because she is appealing a void judgment. Kedren is correct that a judgment rendered on a settlement agreement after one of the parties revokes consent is void. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982); *In re M.A.H.*, 365

---

[3] As discussed above, Brad stated in his affidavit that he wrote a check for $125,000, payable to Kedren, and she endorsed it and received the funds. Kedren does not deny her receipt of the funds in her response. *See Argovitz*, 2005 WL 2739152, at *2 (finding similar evidence sufficient to support dismissal of appeal).

S.W.3d 814, 818 (Tex. App.—Dallas 2012, no pet.).[4]

However, a party, by conduct, may be estopped from challenging a judgment as void. *Mueller v. Banks*, 332 S.W.2d 783, 786 (Tex. Civ. App.—San Antonio 1960, no writ) (holding party that accepted benefits under judgment was estopped from asserting judgment was void because it was entered without his consent, stating "[i]t is well settled in this State, based upon sound principles of equity, that one who accepts and retains the benefits and fruits of a judgment is thereafter estopped to assert its invalidity, and that a party may lose his right to attack a void judgment by such conduct as to work an equitable estoppel"); *Marshall v. Lockhead*, 245 S.W.2d 307, 308 (Tex. Civ. App.—Waco 1952, writ ref'd n.r.e.) (holding party accepting benefits under judgment was estopped from asserting judgment was void because court lacked personal jurisdiction over party); *Eldridge v. Eldridge*, 259 S.W. 209, 215 (Tex. Civ. App.—San Antonio 1924, no writ) (holding party was estopped from attacking void judgment where his fraud aided in obtaining judgment).

The application of estoppel in a particular case does not necessarily mean the judgment in question is thereby rendered valid; it simply means that the estopped party will not be heard to assert the judgment's invalidity in order to avoid its provisions. *See* Restatement (Second) of Judgments § 66 cmt. a (1982) (discussing rationale and historical development); 50 C.J.S. *Judgments* § 758 ("A void judgment cannot be made valid by ratification, waiver, consent, or estoppel. However, one may be estopped or barred from attacking a void judgment by reason of his or her conduct, and one who accepts or shares in the benefits of a void judgment may be estopped from attacking it."); *see also In re E.R.*, 385

---

[4] We assume, without deciding, that the instant judgment was rendered after Kendra revoked her consent.

S.W.3d 552, 568-69 & n.30 (Tex. 2012) (citing Restatement section 66, comment a, and holding a party could not challenge a void judgment under certain circumstances if the party unreasonably delayed in seeking relief); Restatement (Second) of Judgments § 74 cmt. c ("[T]here is solid authority for the proposition that relief should be denied from a judgment that is 'void' if the equities are compelling enough.").

A judgment is void only when the issuing court had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). As Kedren points out, there is authority indicating that estoppel cannot prevent a party from challenging subject matter jurisdiction. *See Shirley v. Maxicare, Tex., Inc.*, 921 F.2d 565, 568-69 (5th Cir. 1991) (holding accepting benefits under judgment did not bar party from challenging subject matter jurisdiction); *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) ("'One who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences.' The only exception to this principle is for challenges to the subject-matter jurisdiction of the court rendering the judgment.") (quoting *Corpus Juris Secundum*); *Ex parte Williams*, 65 S.W.3d 656, 658-59 (Tex. Crim. App. 2001) (Keller, P.J., concurring) (examining civil authority and concluding that void judgments are not immune from estoppel considerations unless the invalidity of the judgment is due to a lack of subject matter jurisdiction); 31 C.J.S. *Estoppel and Waiver* § 172 (explaining that a party that accepts benefits under a judgment is estopped from challenging the validity of that judgment except on subject matter jurisdiction grounds).[5]

---

[5] We recognize, of course, that none of these authorities would control our analysis in the

Kedren, however, does not challenge subject matter jurisdiction in the present case; she, in fact, does not dispute that the trial court had jurisdiction over the subject matter and the parties involved in this litigation. Instead, she contends the trial court had no power to issue an agreed judgment after she had withdrawn her consent to the Rule 11 Agreement. As discussed above, Brad has established that Kedren accepted benefits under the judgment; in fact, she accepted the very benefit she now challenges on appeal.[6] Consequently, unless an exception to the acceptance of benefits doctrine applies, Kedren is estopped from denying the validity of the judgment.

*Entitlement Exception*

We now turn to the alleged exceptions to the acceptance of benefits doctrine. The Entitlement Exception instructs that "as long as an appellant 'accepts only that which appellee concedes, or is bound to concede, to be due [her] under the judgment, [she] is not estopped to prosecute an appeal which involves only [her] right to a further recovery.'" *Amaro*, 87 S.W.3d at 544 (quoting *Carle*, 234 S.W.2d at 1004). This exception is a narrow one. *Carle*, 234 S.W.2d at 1004; *Waite*, 150 S.W.3d at 807. For it to apply, the appellant's right to the benefits accepted must be unquestionable. *Waite*, 150 S.W.3d at 807.

---

present case even if Kedren were challenging subject matter jurisdiction. *See generally Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) (explaining that Texas state courts are not bound by Fifth Circuit pronouncements even on matters of federal law, which this is not); *Carr v. Smith*, 22 S.W.3d 128, 133 (Tex. App.—Fort Worth 2000, pet. denied) (explaining that Court of Criminal Appeals opinions are not binding precedent on courts of appeals sitting in civil matters because it is not a reviewing court with jurisdiction over such matters). We cite them merely in recognition that such authority exists.

[6] The equities favoring estoppel are strong. Kedren originally consented to settlement of the last remaining unresolved issue between the parties (the value of Texcalibur). She then withdrew her consent, contending that she was due more for her interest in Texcalibur than was allotted in the settlement. She then accepted the amount that she originally had agreed to receive in exchange for releasing any interest in the company. This action was, in effect, a renewed consent to the terms of the settlement agreement.

Kedren contends that, in the Rule 11 Agreement, the parties stipulated the value of her interest in Texcalibur was $125,000; thus, Brad was bound to concede that she would be entitled to at least that amount in exchange for her interest. She further insists that, in the event she is found to have timely withdrawn her consent, Brad would be limited on remand to an argument that the Rule 11 Agreement should be enforced as a contract. Kedren is incorrect on both points.

In the Rule 11 Agreement, the parties agreed to settle their dispute over the value of Texcalibur, and they stipulated therein that the Decree of Divorce would otherwise reflect the associate judge's prior "rendition." In other words, the parties settled their dispute—with Brad agreeing to give Kedren $125,000 for her interest and to avoid a less than "amicable working relationship"—but they did not stipulate to the actual value of her interest. Kedren's argument is therefore based upon an inaccurate factual premise. Moreover, if there were a remand in this case, Brad would not be limited to seeking enforcement of the Rule 11 Agreement or required to concede that Kedren was entitled to at least $125,000 for her interest in Texcalibur. In a hypothetical remand, she might recover more; she might recover less. *See id*. at 808.[7] Consequently, Kedren has not met her burden of establishing that the entitlement exception to the acceptance of benefits doctrine applies.

---

[7] In a hypothetical remand, Brad might very well attempt to enforce the Rule 11 Agreement as a contract between the parties. *See generally Padilla v. LaFrance*, 907 S.W.2d 454, 461-62 (Tex. 1995) (holding trial court should have granted judgment based on counterclaim to enforce Rule 11 settlement agreement on proper pleading and proof); *Cook v. Cook*, 243 S.W.3d 800, 802-03 (Tex. App.—Fort Worth 2007, no pet.) (reversing and remanding void agreed judgment based on Rule 11 agreement where one party had withdrawn consent prior to rendition and noting other party had not pleaded for enforcement of agreement in court below). Kedren cites no law, however, that would require Brad to pursue a breach of contract action or that would set a floor for her possible recovery as the amount Brad was willing to settle the case for in entering the Rule 11 Agreement.

*Cash Benefits Exception*

Lastly, Kedren contends that the Cash Benefits Exception applies because the only benefit she accepted from Brad was cash, which the trial court could simply have taken into account when making any new division of property in the event of a remand, citing *Demler v. Demler*, 836 S.W.2d 696, 698 (Tex. App.— Dallas 1992, no writ), *disapproved on other grounds*, *Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382, 386 (Tex. 1997), and *Trevino v. Trevino*, 555 S.W.2d 792, 795-96 (Tex. App.—Corpus Christi 1977, no writ). Beyond stating her contention, however, Kedren does not offer any analysis as to how this exception would be or could be applied under the circumstances of this case. *See Gathe*, 376 S.W.3d at 313 (explaining that burden is on appellant to demonstrate an exception applies). A contention not properly briefed is waived on appeal. *See* Tex. R. App. P. 38.1(i); *Garza v. Tex. Alcoholic Beverage Comm'n*, 138 S.W.3d 609, 616 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Brown v. Green*, 302 S.W.3d 1, 14-15 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (declining to turn party's conclusory statements into reviewable appellate arguments).

Moreover, in *Waite*, we distinguished *Trevino* and another case where the cash benefits accepted were relatively small in comparison with the total value of the community property, because the trial court in those cases readily could have taken the amounts into account on remand. *Waite*, 150 S.W.3d at 806-07 (distinguishing *Trevino*, 555 S.W.2d at 795 (noting former wife accepted $5,000), and *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex. Civ. App.—Dallas 1977, no writ) (noting former wife accepted $400)).[8] In *Waite* itself, the party accepting

---

[8] In *Demler*, the former wife accepted $5,383.96 in benefits along with $2,355.79 in attorney's fees. 836 S.W.2d at 697-98. While the *Demler* court did not provide details regarding the total value of the marital estate, it concluded that "[i]t appears from the property settlement that [former wife] will have sufficient assets to cover a possible reimbursement." *Id*. at 698.

10

benefits took nearly all of the community property, thus precluding easy rebalancing on remand. *Id*.

Here, Kedren accepted benefits in the form of a $125,000 check from Brad. The marital estate possibly could be large enough so a cash benefit in that amount would not prejudice Brad's rights in the event of a remand; however, Kedren has not offered any support for such a conclusion. Neither the trial court's decree, the parties' Rule 11 Agreement, nor the associate judge's original findings offer an overall value for the marital estate, much less for the portion awarded to Kedren. The parties' proposed property divisions offer very different figures for total value. Kedren does not cite or discuss any evidence of total value. She also does not offer any evidence on appeal to assist our analysis.[9] Accordingly, she has not met her burden to demonstrate that the Cash Benefit Exception applies in this case.

## *Conclusion*

In his motion to dismiss, Brad established that Kedren accepted benefits under the final order that she now challenges on appeal. In response, Kedren has failed to demonstrate either that the accepted benefits doctrine does not apply under the circumstances of this case or that an exception to the doctrine applies. Consequently, we grant the motion and dismiss the appeal. *See Gathe*, 376 S.W.3d at 313.


/s/    Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

---

[9] We additionally note that Kedren did not post a supersedeas bond in this case, which may have obviated application of the acceptance of benefits doctrine. *See Sprague v. Sprague*, 363 S.W.3d 788, 793-94 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Raymond v. Raymond*, 190 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.] 2005, no pet.).