In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00499-CV
_____

LINDA STARK BARRAS, Appellant

V.

WILLIAM STARK III, INDEPENDENT EXECUTOR OF
THE ESTATE OF IDA DICKENS STARK, Appellee

On Appeal from the County Court at Law
Orange County, Texas
Trial Cause No. P15033

## MEMORANDUM OPINION

The will of Ida Dickens Stark was probated in 2008. William Stark III was appointed executor of her estate. Linda Stark Barras, Randall Stark, and William Stark III were beneficiaries under the will. In 2010, Linda and Randall sued William, individually and as executor of the estate, for breach of fiduciary duty, negligence, and gross negligence. The suit also sought a declaratory judgment and

removal of William as executor. Following a settlement agreement, the trial court dismissed the case. Linda filed this appeal.

Linda argues that she revoked consent to the Rule 11 settlement agreement before the rendition of judgment, and the trial court should have refused "to sanction the agreement by making it the judgment of the court." She also claims that the trial court's judgment does not comport with the settlement agreement. And she argues that the trial court erred in dismissing the case without affording her a right to a trial on the merits.

The judgment of dismissal references settlement of the parties' "issues and causes of action . . . as set forth in their pleadings" and the settlement documents. William argues that Linda's issues are moot because she ratified the judgment by accepting its benefits. Having voluntarily accepted the benefits of a judgment, an appellant is estopped from challenging the judgment on appeal. *See Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (citing *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950)) (A party cannot treat a judgment as both right and wrong, and if she has voluntarily accepted the benefits of a judgment, she cannot afterward prosecute an appeal from it.); *Leedy v. Leedy*, No. 14-11-00911-CV, 2013 WL 1197775, at **2-3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet.); *Mueller v. Banks*, 332 S.W.2d 783, 786 (Tex. Civ. App.—San Antonio 1960,

no writ) (One who "accepts and retains the benefits and fruits of a judgment is thereafter estopped to assert its invalidity," and "a party may lose his right to attack a void judgment by such conduct as to work an equitable estoppel.").

Linda does not dispute that she accepted benefits. Linda argues that she falls under an exception to the acceptance-of-benefits doctrine, because she claims entitlement under the will to at least the amount she accepted, and her attack on the judgment involves the right to further recovery.

A narrow exception exists when the appellee concedes the benefit is due appellant, and the issue is whether an additional amount is also due. *In re Marriage of Christodolou*, 383 S.W.3d 718, 722 (Tex. App.—Amarillo 2012, no pet.). As long as an appellant "'accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery.'" *Amaro*, 87 S.W.3d at 544 (quoting *Carle*, 234 S.W.2d at 1004). But appellant has not established that her right to the funds was conceded by appellee to be due her without the settlement and the judgment. She has not shown that, if the judgment dismissing her causes of action is reversed on the issues she has raised on appeal, she would have an undisputed right to the funds she accepted. Her rights to the benefits she accepted would be affected by a reversal of the judgment.

3

Linda also argues that what she describes as the court's judgment does not comport with the actual settlement agreement that was dictated into the record and agreed to by all attorneys and parties in open court. She did not timely raise these alleged differences in the trial court before the judgment was signed or in her motion for new trial. She first raised the issue in response to appellee's response to her motion for new trial. In her response she simply stated that the written document conflicted with the settlement agreement dictated into the record "in numerous respects." She did not identify with specificity the alleged conflicts for the trial court. *See* Tex. R. App. P. 33.1. Moreover, she had already accepted the benefits of the judgment. The dismissal order, with prejudice, constitutes the court's judgment. She cannot contest that judgment after she accepts her benefits. The judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on June 4, 2013
Opinion Delivered July 11, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.

4