# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00133-CV

**Lisa Kastleman, Appellant**

**v.**

**Bryan Kastleman, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-FM-09-002598, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lisa Kastleman appeals from a corrected final decree of divorce granted to her and

Bryan Kastleman. In four issues, Lisa contends that the trial court erred in (1) denying her motion

to set aside the parties' informal settlement agreement, (2) rendering a decree that contains terms not

agreed to by the parties, (3) awarding attorney's fees to Bryan in its order denying Lisa's motion for

new trial, and (4) awarding additional attorney's fees as sanctions against Lisa for filing a motion

to set aside the informal settlement agreement. Bryan has filed a motion to dismiss Lisa's appeal on

the ground that she has accepted the benefits of the judgment she is appealing. For the reasons that

follow, we grant the motion and dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Lisa filed for divorce on May 15, 2009. The parties attended mediation on

August 12, 2011, but reached no agreement. They continued to negotiate informally and on

August 15, 2011, reached an agreement concerning their child. Further informal settlement discussions resulted in a property settlement agreement on August 18, 2011, that included releases of all claims by all parties.[1] The settlement agreement provided in large, bold print that it was not subject to revocation and was binding on all parties. The settlement agreement also provided that Bryan would appear in court at the first available time to present evidence and secure rendition of judgment in accordance with the settlement agreement, which he did on August 19, 2011.

On July 12, 2012, following approval of the settlement agreement and rendition of judgment but prior to the trial court's signing a divorce decree, Lisa filed a motion to set aside the informal settlement agreement alleging that Bryan had committed fraud by failing to disclose assets and forging her name on documents. Bryan filed a motion for sanctions against Lisa contending that all of the issues raised in Lisa's motion were known to her at the time she signed the settlement agreement and seeking attorney's fees under Rule 13 and Chapter 10 of the Civil Practice and Remedies Code. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §§ 10.001.–.006. On October 8, 2012, the trial court denied Lisa's motion to set aside the informal settlement agreement and granted Bryan's motion for sanctions, awarding attorney's fees as requested for the work performed on behalf of Bryan and his two companies in the amount of $32,215.85.[2] On October 11, 2012, the

---

[1] Lisa also sued Bryan's father and four of Bryan's separate property companies, alleging actual and constructive fraud, breach of fiduciary duty, forgery, and conspiracy. She subsequently dismissed her claims against Bryan's father and two of the companies. The remaining two companies were parties to the settlement agreement. In addition, Jo Sumrall intervened in the divorce proceeding asserting a justiciable interest in the real properties by virtue of her employment agreement with Bryan. She was also a party to the settlement agreement and expressly did not release her claims against Bryan and his companies. Sumrall is not a party to this appeal, and her claims against Bryan are not before us.

[2] Sumrall was also awarded attorney's fees as sanctions, but Lisa does not appeal that award.

trial court heard Bryan's Motion to Sign Decree of Divorce. After ruling on the parties' requests for various clarifications and modifications to the settlement agreement, the trial court signed the divorce decree. Lisa requested, and the trial court entered, findings of fact and conclusions of law in support of the divorce decree, the denial of Lisa's motion to set aside the settlement agreement, the possession order, and the sanctions order. Lisa subsequently filed motions to set aside the sanctions order and the divorce decree; a motion for new trial; and a motion to modify, correct, and reform the judgment. After hearing the motions, the trial court signed a corrected divorce decree, denied the motions to set aside the decree and for new trial, and signed an amended order granting sanctions in the same amount as previously ordered. At Lisa's request, the trial court entered revised findings of fact and conclusions of law to include findings and conclusions in support of the corrected divorce decree and amended sanctions order. In December 2012, Lisa filed a second motion for new trial, which the trial court denied. This appeal followed.

**MOTION TO DISMISS**

In his motion to dismiss, Bryan contends that this appeal should be dismissed because Lisa has accepted the benefits awarded in the decree. Generally, a party that accepts benefits under a judgment is estopped from challenging the judgment on appeal. *Texas State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950). "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle*, 234 S.W.2d at 1004. "This doctrine arises often in divorce cases when one spouse accepts certain benefits of the judgment and then tries to appeal the remainder of the judgment." *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex.

3

App.—Houston [14th Dist.] 2004, pet. denied). The burden is on the movant/appellee to demonstrate the application of the acceptance of benefits doctrine. *Leedy v. Leedy*, 399 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Waite*, 150 S.W.3d at 803. This burden is satisfied if the relevant facts showing voluntary acceptance of benefits of the judgment are reflected in the record or developed through affidavits supporting the motion to dismiss. *Demler v. Demler*, 836 S.W.2d 696, 697–98 (Tex. App.—Dallas 1992, no writ), *disapproved on other grounds*, *Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382, 386 (Tex. 1997) (per curiam); *Rogers v. Rogers*, 806 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1991, no writ).

Once an appellee establishes an acceptance of benefits, the burden shifts to the appellant to show either that the doctrine does not apply or that an exception to the doctrine applies. *Leedy*, 399 S.W.3d at 339; *Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The doctrine does not apply when the appellant's acceptance of the benefits is due to economic necessity or when the appellant's right to the benefit accepted could not possibly be affected by reversal of the judgment. *Gathe*, 376 S.W.3d at 313; *Waite*, 150 S.W.3d at 803–04. Acceptance of cash benefits is an exception to the doctrine. *Demler*, 836 S.W.2d at 698 ("Acceptance of cash benefits has been held as an exception to the general rule announced in *Carle*."). Generally, this exception applies if the benefit accepted was cash, the use of which would not prejudice the appellee. *See Sprague v. Sprague*, 363 S.W.3d 788, 793 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Demler*, 836 S.W.2d at 698; *Haggard v. Haggard*, 550 S.W.2d 374, 377 (Tex. Civ. App.—Dallas 1977, no writ). When the doctrine applies and no exception is shown, an appeal is rendered moot. *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013,

no pet.).  If a case becomes moot, the parties lose standing to maintain their claims, depriving the appellate court of subject matter jurisdiction, and dismissal is appropriate.  *Id.*; *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.).

Here, Bryan argues that Lisa accepted the benefits of the decree by accepting rental proceeds and by asking the court to enforce her rights to certain personal property awarded to her in the settlement agreement and decree.[3]  Bryan has not cited any evidence in the record or presented any additional evidence with his motion that Lisa actually obtained or accepted the personal property at issue and therefore has not met his burden to establish acceptance of benefits with regard to that property.  *See Leedy*, 399 S.W.3d at 339; *Waite*, 150 S.W.3d at 803; *Demler*, 836 S.W.2d at 698 (declining to address alleged basis for acceptance of benefits where appellee did not present and record did not contain any evidence of alleged basis).

We turn, then, to Bryan's argument that Lisa accepted rental proceeds.  Bryan cites Lisa's testimony that she voluntarily accepted approximately $20,000 per month in rental proceeds from properties in Midland/Odessa awarded to her in the settlement agreement and decree.  Lisa does not dispute her acceptance of rental proceeds but argues that it falls under the cash benefits exception.  She contends that Bryan has not established the total amount she accepted, but assuming she accepted $20,000 from July 2012 to October 2013, it would amount to $320,000, or

---

[3] Lisa appears to construe Bryan's motion as asserting three additional ways in which Lisa accepted the benefits of the decree.  We do not so construe Bryan's motion.  Rather, we read the motion as asserting those additional arguments in support of Bryan's contention that economic necessity does not preclude application of the acceptance of the benefits doctrine in this case.

approximately one-tenth of the value of the community estate.[4] Lisa further cites her testimony that she would be able to make any funds she accepted available to be divided by the court in the event of a remand.

The cash benefits exception applies when only cash benefits are accepted. *In the Interest of L.T.*, No. 05-12-01560-CV, 2014 Tex. App. LEXIS 6025, at *13 n.4 (Tex. App.—Dallas June 3, 2014, no pet.) (mem. op.) (recognizing exception to acceptance of benefits doctrine when appellant has received *only* cash payments, the use of which would not prejudice appellee); *see Demler*, 836 S.W.2d at 698 (applying exception where only benefit accepted was cash); *Trevino v. Trevino*, 555 S.W.2d 792, 795–96 (Tex. Civ. App.—Corpus Christi 1977, no writ) (applying cash benefits exception and emphasizing that only cash benefits were accepted); *Argovitz v. Argovitz*, No. 14-04-00885-CV, 2005 Tex. App. LEXIS 8795, at *9 (Tex. App.—Houston [14th Dist.] Oct. 25, 2005, no pet.) (mem. op.) (citing *Trevino* and declining to apply cash benefits exception where real property and other assets were also accepted); *see also Leedy*, 399 S.W.3d at 342 (appellee who contended cash benefits exception applied because only benefit accepted was cash but offered no support for contention did not meet burden to demonstrate exception applied). Lisa testified that she accepted rental payments from the Midland/Odessa properties awarded to her in the settlement agreement and decree and also refinanced the properties in accordance with the settlement agreement and decree. Her testimony necessarily establishes that she accepted real property in

---

[4] It is unclear why Lisa posits this period of time for calculation of the amount of rental funds she has accepted, but resolution of this question is not necessary to our disposition.

addition to cash payments.[5]   Further, the record contains the trial court's findings of fact and conclusions of law, which include a finding that Lisa has accepted substantial assets and funds in excess of $1,000,000.  Lisa does not challenge this finding, and it is binding on this Court unless the contrary is established as a matter of law or there is no evidence to support the finding.  *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).  Lisa's testimony is some evidence that Lisa accepted real property and other assets so that the trial court's finding is binding.  *See id.*  Lisa's argument does not address the fact that she did not accept only cash benefits but also accepted real property and other unspecified assets as stated in the court's unchallenged finding.  We therefore conclude that Lisa has not met her burden of establishing that the cash benefits exception applies.  *See Leedy*, 399 S.W.3d at 339, 342–43; *Gathe*, 376 S.W.3d at 313; *Argovitz*, 2005 Tex. App. LEXIS 8795, at *9.

To the extent Lisa attempts to argue that her acceptance of benefits was due to economic necessity, *see Gathe*, 376 S.W.3d at 313; *Waite*, 150 S.W.3d at 803–04, she has waived that argument.  Although Lisa asserts generally that "any other actions on [her] part were the result of necessity or duress," she offers no analysis as to how this principle applies to the facts of this case, no citations to the record or other evidence, and no legal authority.  A contention not properly briefed

---

[5]  Lisa's testimony that she refinanced the properties and that Bryan's "name is off" so that he is no longer liable on the notes also indicates that she obtained full legal title to the property.  A party accepts the benefits of a judgment when she seeks and obtains legal title to real property awarded in the judgment.  *Dorai v. Dorai*, No. 01-12-00308-CV, 2013 Tex. App. LEXIS 4812, at *5 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.); *see Waite v. Waite*, 150 S.W.3d 797, 804 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (appellant who demanded wife execute warranty deed transferring her ownership in family residence to him affirmatively relied on validity of judgment to assert his rights against wife and was estopped to challenge it).

is waived. *See* Tex. R. App. P. 38.1(i); *Leedy*, 399 S.W.3d at 342 (appellant who failed to explain how cash benefits exception applied to case waived argument); *see also Brown v. Green*, 302 S.W.3d 1, 14–15 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (declining to construe party's conclusory statements as reviewable appellate arguments). Even if she had not waived this argument, the record shows that she was awarded substantial assets in addition to the Midland/Odessa rental property, which generated more than $20,000 per month in funds, and there is no evidence of economic necessity. *See F.M.G.W.*, 402 S.W.3d at 333–34 (conclusory assertions did not establish economic necessity); *Richards v. Richards*, 371 S.W.3d 412, 416 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (same); *Waite*, 150 S.W.3d at 804–06 (same).[6]

In short, the record reflects that Lisa accepted benefits under the decree, including real property to which the cash benefits exception does not apply. *See In the Interest of L.T.*, 2014 Tex. App. LEXIS 6025, at *13 n.4; *see also Demler*, 836 S.W.2d at 698; *Trevino*, 555 S.W.2d at 795–96; *Argovitz*, 2005 Tex. App. LEXIS 8795, at *9. The evidence does not support the

---

[6] Lisa also does not contend that the acceptance of the benefits doctrine does not apply because her right to the benefits accepted could not possibly be affected by reversal of the judgment. *See Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Waite*, 150 S.W.3d at 804. Had she asserted that argument, we would not find it persuasive on this record. Lisa has requested a reversal and remand for new trial; were we to reverse and remand, the entire marital estate would be subject to a new just and right division. *See* Tex. Fam. Code § 7.001 (mandating a "just and right" division of marital property in divorce decree); *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950) (on remand trial court would have mandatory duty to divide marital estate); *Waite*, 150 S.W.3d at 808; *Argovitz v. Argovitz*, No. 14-04-00885-CV, 2005 Tex. App. LEXIS 8795, at *9–10 (Tex. App.—Houston [14th Dist.] Oct. 25, 2005, no pet.) (mem. op.). Thus, it is entirely possible that in the re-division of property, the trial court could award to Bryan the Midland/Odessa properties or other assets Lisa has accepted according to the trial court's unchallenged finding. *See Waite*, 150 S.W.3d at 808; *Argovitz*, 2005 Tex. App. LEXIS 8795, at *9–10.

application of the economic necessity exception or that a reversal of the judgment could not possibly affect her rights to the property accepted. *See Gathe*, 376 S.W.3d at 313; *Waite*, 150 S.W.3d at 803–04. Lisa did not supersede the judgment. *See Sprague*, 363 S.W.3d at 793 (citing *Raymond v Raymond*, 190 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (when appealing party posts supersedeas bond to suspend judgment, there is no acceptance of benefits)); *see also Tomsu v. Tomsu*, 381 S.W.3d 715, 717 (Tex. App.—Beaumont 2012, no pet.) (citing appellant's failure to supersede judgment in holding him estopped from challenging property division). We hold that Lisa is estopped from challenging the corrected final decree of divorce. *See Leedy*, 399 S.W.3d at 343 (appellant's failure to establish that acceptance of benefits doctrine did not apply or that an exception applied prevented challenge to judgment on appeal); *Tomsu*, 381 S.W.3d at 717 (citing *Smith v. Texas Commerce Bank–Corpus Christi, N.A.*, 822 S.W.2d 812, 814 (Tex. App.—Corpus Christi 1992, writ denied)) (same). Accordingly, we dismiss as moot Lisa's four issues on appeal. *See F.M.G.W.*, 402 S.W.3d at 332; *Leedy*, 399 S.W.3d at 343; *Tomsu*, 381 S.W.3d at 717.

## CONCLUSION

For these reasons, we grant Bryan's motion and dismiss the appeal as moot.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed as Moot

Filed:   July 30, 2014

10