**Motion For Rehearing Overruled; Memorandum Opinion of November 6, 2014, Withdrawn; Appeal Dismissed and Substitute Memorandum Opinion filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00680-CV

---

### JERRY JEROME COLBURN, Appellant

### V.

### EVELYN COLBURN, Appellee

---

**On Appeal from Austin County Court at Law
Austin County, Texas
Trial Court Cause No. 2012L-5672**

---

## SUBSTITUTE MEMORANDUM OPINION

We overrule the motion for rehearing filed by appellant, Jerry Jerome Colburn. We withdraw our memorandum opinion issued November 6, 2014, and we issue this substitute memorandum opinion in its place.

Jerry Jerome Colburn appeals from a Final Decree of Divorce signed on June 27, 2013, contending that the trial court erred by confirming the parties'

marital residence as Evelyn Colburn's separate property.  We dismiss the appeal.

## BACKGROUND

Jerry and Evelyn Colburn were married on August 11, 2007, and divorced on June 27, 2013.  Evelyn owned the marital residence at 372 Newcom Lane in Sealy, Texas as her separate property before the marriage.  Jerry and Evelyn refinanced the residence in September 2007.  As part of this refinancing transaction, Evelyn executed a Warranty Deed conveying the property at 372 Newcom Lane to herself and to Jerry.

Jerry testified at trial that he understood Evelyn to be conveying an interest in the Newcom Lane residence to him as a gift so they could own it together as a married couple.  In her testimony, Evelyn denied any intent to convey a gift to Jerry in connection with the Warranty Deed executed in September 2007.  Evelyn testified that she and Jerry refinanced her house to obtain cash to pay credit card debt.  According to Evelyn, she executed the 2007 Warranty Deed because she was told doing so was "the only way we could get the refinance and the cash out, since we were legally a married couple . . . ."

The trial court's Final Decree of Divorce accomplished a division of the parties' property by awarding certain items to Jerry and others to Evelyn.  The decree awarded the entirety of the Newcom Lane residence to Evelyn as her separate property.  The divorce decree also ordered Evelyn to pay, and to indemnify and hold Jerry harmless from, "[a]ll encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary."  The decree states as follows at the end:  "This divorce judicially PRONOUNCED AND RENDERED in court at Bellville, Austin County, Texas, on May 6, 2013, and further noted on the court's docket sheet on

2

the same date, but signed on June 27, 2013."

Jerry executed a Special Warranty Deed as "Grantor" in which he conveyed his interest in the Newcom Lane residence to Evelyn as "Grantee." The Special Warranty Deed is dated May 6, 2013; was signed by Jerry before a notary on June 27, 2013; and was filed with the Austin County clerk on June 27, 2013. The "Consideration" for the conveyance is identified as follows:

> "The division of property in Cause No. 2012L-5672, styled 'In the Matter of the Marriage of JERRY JEROME COLBURN and EVELYN COLBURN,' entered in the County Court at Law of Austin County, Texas and ten dollars and other valuable consideration paid by the Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note in the original principal sum of $108,000, dated November 3, 2009, executed by JERRY JEROME COLBURN and EVELYN COLBURN, and payable to the order of EVERETT FINANCIAL INC., d/b/a SUPREME LENDING . . . . The note is secured by a vendor's lien retained in a deed dated September 24, 2007 . . . and additionally secured by a Texas Home Equity Security Instrument dated November 3, 2009 . . . ."

Jerry timely filed a notice of appeal on June 28, 2013, one day after the Final Decree of Divorce was signed on June 27, 2013.

## ANALYSIS

In a single issue on appeal, Jerry contends that the trial court erred when it confirmed the marital residence to be entirely Evelyn's separate property in the Final Decree of Divorce. According to Jerry, "Evelyn's execution of the Refinance Deed had the effect of conveying to . . . Jerry and herself an undivided, separate property interest in one-half of the Marital Residence." He further contends that "Evelyn did not present evidence of, much less plead or assert, duress or undue influence which may have allowed her to overcome the gift presumption." Evelyn contends that "[t]he presumption of [a] gift from Evelyn to

3

Jerry was rebutted by sufficient evidence that Evelyn signed the deed under duress and subject to undue influence."

As a threshold matter, we address Evelyn's motion to dismiss Jerry's appeal on grounds that Jerry conveyed the disputed interest in the marital residence to Evelyn via Special Warranty Deed on May 6, 2013. Jerry contends that dismissal is not warranted because "[t]he face of the Special Warranty Deed reveals it was clearly executed pursuant to the divorce proceeding from which Jerry appeals" and "Jerry executed the Special Warranty Deed as part and parcel of the divorce proceeding."

Generally, a party who accepts benefits under a judgment is estopped to challenge the judgment on appeal. *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Leedy v. Leedy*, 399 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Evelyn's motion to dismiss implicates the acceptance of benefits doctrine, under which "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

"The doctrine arises most often in divorce cases in which one spouse accepts certain assets awarded by the judgment and then seeks to appeal the remainder of the judgment." *Williams v. LifeCare Hosps. of N. Tex., L.P.*, 207 S.W.3d 828, 830 (Tex. App.—Fort Worth 2006, no pet.); *Waite v Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). "[A] party who has accepted the benefits of a judgment is estopped from challenging the judgment by appeal." *Waite*, 150 S.W.3d at 803; *see also Leedy*, 399 S.W.3d at 339; *Dorai v. Dorai*, No. 01-12-00308-CV, 2013 WL 1694866, at *1-2 (Tex. App.—Houston [1st Dist.]

4

Apr. 18, 2013, no pet.) (mem. op.). Accepting the benefits of a judgment typically moots the appeal and makes dismissal appropriate. *See Carle*, 234 S.W.2d at 1004; *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.).

Evelyn, as the movant and appellee in this case, bears the burden of proof to establish the applicability of the acceptance of benefits doctrine. *See Leedy*, 399 S.W.3d at 339; *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Once this burden is satisfied, Jerry can avoid the doctrine's application by showing that (1) acceptance of benefits was a result of financial duress or other economic circumstances, or (2) reversal of the judgment on the appealed grounds could not possibly affect his right to benefits accepted. *See Williams,* 207 S.W.3d at 830; *Waite*, 150 S.W.3d at 803-04. These two exceptions are narrow. *Waite*, 150 S.W.3d at 804.

Here, Evelyn satisfied her initial burden establishing Jerry's acceptance of benefits by submitting the Special Warranty Deed, which showed that Jerry conveyed his interest in the real property in consideration of, among other things, "[t]he division of property" by the county court at law, "ten dollars and other valuable consideration paid by [Evelyn], . . . [Evelyn's] assumption of the unpaid principal and earned interest on the note in the original principal sum of $108,000," and Evelyn's agreement "to indemnify and hold [Jerry] harmless from payment of the note . . . ." *See Leedy*, 399 S.W.3d at 339 (husband established wife's acceptance of benefits where wife accepted husband's $125,000 payment in exchange for her 50 percent interest in a company). Jerry has not demonstrated that one of the narrow exceptions to the acceptance of benefits doctrine applies in this case.

Thus, this record shows that Jerry accepted benefits under the judgment by

5

virtue of (among other things) accepting consideration listed in the deed in exchange for conveyance of his interest to Evelyn. Jerry argues that he executed the deed pursuant to the divorce decree. But he has not demonstrated that reversal of the judgment on the appealed ground could not possibly affect his right to benefits accepted.

Because Evelyn established that Jerry accepted benefits under the trial court's judgment, and Jerry failed to demonstrate that an exception to the acceptance of benefits doctrine applies, we grant Evelyn's motion to dismiss Jerry's appeal.

## CONCLUSION

We dismiss the appeal.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Busby, and Wise.

6