COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| F.M.G.W, | § | No. 08-11-00365-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| D.S.W., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2010CM1285) |
| | § | |

## **O P I N I O N**

Appellant, F.M.G.W., appeals from the portion of a divorce judgment, decreed on November 29, 2010, and signed on May 5, 2011, which divides the community estate. The divorce decree, in part, awarded Appellant a 2005 Lexus motor vehicle, and ordered D.S.W., Appellee, to pay the balance due on the promissory note given as part of the purchase price of the Lexus. In her appeal, Appellant seeks, in part, a new trial and reversal of the portion of the judgment dividing the community estate but does not seek reversal of those portions of the judgment granting the divorce or relating to the parent-child relationship with their now-adult child.

During the pendency of her appeal from the divorce judgment, Appellant filed in justice court an action against Appellee for $10,000 in damages supported by a verified petition in which she accused Appellee, in part, of "selling me my Lexus, which I was awarded in our divorce Nov. 29, 2010," and failing "to pay [for the] car . . . after he submitted [the] sale." In her justice court petition, Appellant sought $10,000 for Appellee's alleged failure to pay off the car "after he submitted sale," for her inability to work due to the expiration of the vehicle's registration and having "no use of vehicle," for "penalties incurred due to false sale," and as damages for "repairs needed due to vehicle being parked [for] 9 months."

Appellee now seeks dismissal of Appellant's appeal, arguing the appeal is moot under the acceptance-of-benefits doctrine because Appellant, while denying the validity of the trial court's property division in her appeal before this Court, has simultaneously accepted the benefits of the divorce judgment awarding her the Lexus and has sought enforcement of the trial court's property division in the justice court. The acceptance-of-benefits doctrine provides that a party who has accepted the benefits of a judgment is not permitted to challenge the same judgment on appeal. *Texas State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950) (a party may not treat a judgment as both right and wrong). *County of El Paso v. Ortega*, 847 S.W.2d 436, 442 n.10 (Tex.App. – El Paso 1993, no writ); *Hanna v. Godwin*, 876 S.W.2d 454, 457 n.6 (Tex.App. – El Paso 1994, no writ); *Graham v. Caballero*, 243 S.W.2d 286, 288 (Tex.Civ.App. – El Paso 1951, writ ref'd n.r.e.) ("One may not accept and receive[] the benefits of a judgment and deny its validity."). The doctrine commonly arises in divorce cases in which a former spouse accepts certain assets awarded in the judgment and seeks to appeal the remainder of the judgment. *See Williams v. LifeCare Hospitals of North Texas, L.P.*,

2

207 S.W.3d 828, 830 (Tex.App. – Fort Worth 2006, no pet.); *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex.App. – Houston [14th Dist.] 2004, pet. denied). An appellee bears the burden of proving that an appellant is estopped from challenging the judgment by appeal under the acceptance-of-benefits doctrine. *Williams*, 207 S.W.3d at 830. When the doctrine applies, an appeal is rendered moot and it is appropriate to dismiss the appeal. *See Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex.App. – Dallas 2010, no pet.); *Bloom v. Bloom*, 935 S.W.2d 942, 945 (Tex.App. – San Antonio 1996, no writ); *County of El Paso*, 847 S.W.2d at 442.

Two narrow exceptions permit an appellant to avoid the acceptance-of-benefits doctrine. *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex.App. – Houston [1st Dist.] 2012, no pet.); *Waite*, 150 S.W.3d at 803. The doctrine does not apply when: (1) acceptance of the benefits is because of financial duress or other economic circumstances; or (2) the reversal of the judgment on the grounds appealed cannot possibly affect an appellant's right to the benefits accepted under the judgment. *Texas State Bank*, 87 S.W.3d at 544; *Williams*, 207 S.W.3d at 830. Appellant bears the burden of establishing the applicability of an exception to the doctrine. *Tomsu v. Tomsu*, 381 S.W.3d 715, 717 (Tex.App. – Beaumont 2012, no pet.); *Richards*, 371 S.W.3d at 415.

In his motion, Appellee contends that Appellant, by filing suit against him in justice court for $10,000 in damages arising from the Lexus which the trial court awarded to her, has accepted the benefits of the property division by seeking enforcement thereof in justice court while also challenging the validity of the property division on appeal, and is treating the trial court's divorce decree as "both right and wrong."

In her response, Appellant contends that her justice court suit against Appellee "did not actually attempt to enforce any provision of the judgment, but essentially sought damages for what

3

was alleged to be a fraudulent attempt to transfer the vehicle to her by claiming [Appellee] had sold [the vehicle] to her and for damage done to the vehicle by Appellee's failure to properly maintain the vehicle while it was in his possession." Appellant admits in her supporting affidavit that she filed the justice suit against Appellee "to get money to fix the Lexus and be able to register it and have it inspected." Appellant has since nonsuited the justice court action against Appellee and asserts that she did not seek or accept any benefit under the divorce decree.

Appellant argues that the acceptance-of-benefits doctrine does not apply under these facts because her filing of the justice suit was due to economic necessity. Appellant asserts that title remains in Appellee's name and that conveyance to Appellee will not be difficult if the case is remanded to the trial court after appeal.

In support of these contentions, Appellant has provided an affidavit which contains explanations of her financial need to use a vehicle for work as a realtor, an admission that she has both used the Lexus for work and has also borrowed other vehicles from family and friends, and her assertion that she has attempted to avoid accepting the benefits of the trial court's judgment. Appellant also contends in her affidavit that she could not use the Lexus because the vehicle's registration and inspection stickers were expired.

The vehicle registration renewal form affixed as an exhibit to Appellant's affidavit shows the 2011 registration fee for the Lexus was $52.80. The affidavit also included an automobile service invoice bearing Appellant's name and reflecting that a diagnostic service was performed on the Lexus at a cost of $89. The invoice, dated September 21, 2012, recommends a variety of service recommendations on the Lexus due to "lot rot," and notes that the "car has been neglected." These recommendations for the 2005 Lexus include battery service, tire rotation, air

4

filter, a tune-up, fuel injection service, oil change, a second air filter, transmission service, cooling-system service, timing belt, water-pump service, brake-fluid flush, four-wheel alignment, air-conditioner service, throttle bore cleaning, two serpentine belts, and a "p/s flush," at a combined price of $1,918.50. The invoice also notes that the vehicle is in need of new tires but fails to quote a price therefor.

Contrary to her response to the motion to dismiss, in which she states the title to the Lexus remains in Appellee's name, Appellant acknowledges in her affidavit that Appellee transferred title to the Lexus to her in September 2012. Lacking specificity or supporting evidence or both, Appellant asserts in her affidavit that: (1) she has divorce-related expenses beyond her income and other expenses; (2) has legal fees related to the trial and appeal of this case; (3) has borrowed $30,000 from a sibling to whom she is reimbursing $300 to $400 per month; (4) has incurred expenses when she and her child moved out of the marital residence; (5) has incurred expenses to become a licensed realtor; (6) has borrowed an unspecified sum from another sibling; (7) was hired by one of her siblings to renovate the sibling's home; and (8) spent $200 to repair and render functional a minivan given to Appellant by her parents.

In his reply, Appellee argues that no economic necessity exists for Appellant to file a separate suit for $10,000 in damages purportedly caused by his alleged failure to comply with the divorce judgment. Appellee asserts that Appellant's filing of the verified justice court petition constituted an acceptance of the benefits of the divorce judgment and deprived this Court of jurisdiction, which was not revived by Appellant's nonsuit of the justice court action. Appellee, therefore, asks that we dismiss Appellant's appeal for want of jurisdiction.

5

Although only partially recited here, we have considered the entirety of Appellee's and Appellant's filings and arguments regarding the alleged applicability and inapplicability of the acceptance-of-benefits doctrine and the exceptions thereto under these facts, and observe that any possible legal obligation Appellee owed to Appellant regarding the Lexus automobile arose only from the divorce judgment referenced in Appellant's justice court petition. Appellee complied with his obligation when he transferred title to Appellant and Appellant accepted the benefit of the judgment when she filed suit seeking damages related to the conveyance of the Lexus. We hold Appellee has met his burden of establishing that Appellant accepted the benefit of the judgment.

Appellant has failed to adequately demonstrate that she accepted the benefit of the trial court's judgment out of financial duress. *See Richards*, 371 S.W.3d at 416 (appellant's claim of economic hardship which was based mostly on conclusory assertions did not bring those claims within the "narrow exception of economic necessity"). Appellant has failed to establish that her suit in justice court for damages relating to the Lexus awarded in the trial court's divorce judgment was brought about out of financial necessity, thus entitling her to the exception. We hold that Appellant has failed to meet her burden in establishing that the narrow financial duress or economic circumstances exception to the acceptance-of-benefits doctrine applies here.

The acceptance-of-the-benefits doctrine is a jurisdictional rule grounded on the constitutional authority of courts. *Harlow Land Co., Ltd.*, 314 S.W.3d at 717. Courts have referred to acceptance of the benefits as depriving a party of standing to appeal, and as rendering an appeal moot. *See id.* at 716 (referring to both doctrines); *see generally Labrado v. County of El Paso*, 132 S.W.3d 581, 589 (Tex.App. – El Paso 2004, no pet.) (observing that both standing and mootness are jurisdictional). For a party to have standing, there must exist at every stage of the

legal proceedings, including the appeal, a controversy. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). When a case becomes moot, standing to maintain claims is lost and we are deprived of subject matter jurisdiction. *Williams*, 52 S.W.3d at 184.

Appellant's conduct deprived this Court of jurisdiction which cannot be recreated through her subsequent nonsuit of the justice action. *See Harlow Land Co., Ltd.*, 314 S.W.3d at 716 (where appellee deposited funds awarded to appellants into trial court's registry, withdrawal of those funds by appellants' counsel during the pendency of the appeal constituted acceptance of the benefits of the judgment and deprived the appellate court of jurisdiction which could not be reacquired by appellants' redeposit of the funds). Having considered Appellee's motion, we determine the motion to dismiss should be granted. We therefore dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).


                                                GUADALUPE RIVERA, Justice

May 22, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.
McClure, C.J., not participating

7