# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00074-CV

**Tedde R. Blunck, Appellant**

**v.**

**Cathy A. Blunck, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 11-1217, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tedde R. Blunck appeals from the trial court's final decree of divorce, asking this Court to reverse the judgment and remand for a new trial.[1] He primarily challenges the trial court's property division. Appellee Cathy A. Blunck has filed a motion to dismiss. For the following reasons, we grant the motion in part and dismiss this appeal as moot.

## BACKGROUND

Following a bench trial, the trial court signed a final decree of divorce in October 2012. In the decree, the trial court divided the marital estate. As part of the division, the trial court awarded real and personal property to Tedde but encumbered real property to secure the payment of debt owed by Tedde to Cathy under the terms of the decree. Tedde was ordered to pay

---

[1] Because the parties have the same last name, we will refer to them by their first names.

Cathy over $200,000 as part of the property division and to pay her attorney's fees. Tedde brought this appeal to challenge the property division, but he did not post a supersedeas bond to suspend enforcement of the monetary amounts awarded to Cathy. He created the Tedde R. Blunck Living Trust in December 2012 and transferred the property that was awarded to him in the decree to the trust. The transferred property included the encumbered real property pursuant to the terms of the decree and personal property, including several vehicles. The trustee of the Tedde R. Blunck Living Trust is Tedde's current wife, and Tedde is the beneficiary of the trust.

During the pendency of this appeal, Cathy attempted to conduct post-judgment discovery and sought to hold Tedde in contempt for violating the divorce decree and temporary orders. Tedde, however, filed for Chapter 13 bankruptcy in June 2013, just before a scheduled contempt hearing. As a result of the bankruptcy proceeding, this appeal was abated in July 2013. The appeal was reinstated in April 2014 after Tedde filed a motion to reinstate.

On the same day that Tedde filed the motion to reinstate, Cathy filed a motion to dismiss. Among her asserted grounds in the motion, Cathy argues that the appeal is moot under the acceptance of the benefits doctrine.[2] Cathy filed documents in support of her motion, including

---

[2] In her motion, Cathy also asserted that the appeal should be dismissed for want of prosecution and for failure to comply with court orders. She alleges that Tedde violated the provisions of the final decree by failing to transfer retirement benefits to her that were awarded to her in the decree. Tedde transferred the benefits to a different account after the trial court had awarded the benefits to Cathy. After the court became aware of this transfer, the trial court appointed a receiver. Cathy also alleges that Tedde has failed to comply with the trial court's temporary orders pending appeal regarding payment of temporary support and interim attorney's fees and that he has failed to cooperate with post-judgment discovery. Because we conclude that this appeal is moot under the acceptance of the benefits doctrine, we do not address these alternative arguments for dismissing the appeal.

2

affidavits, the transcript of Tedde's deposition on February 4, 2013, various filings in Tedde's Chapter 13 bankruptcy proceeding and in the trial court post-judgment, and filings in public records, including a copy of the trust agreement for the Tedde R. Blunck Living Trust, dated December 24, 2012.[3]

Tedde responded and filed documents in opposition to the motion to dismiss. He urges that the property was legally transferred to the trust to preserve the property and the status quo. His documents include: (i) filings by the parties in the trial court post-judgment, such as filings concerning the appointment of a receiver to take possession of certain property awarded in the decree, (ii) filings in his bankruptcy proceeding, (iii) an affidavit by Tedde, (iv) the transcript of a hearing before the trial court in February 2013 concerning temporary orders pending appeal and the appointment of the receiver, (v) a modified copy of the trust agreement, and (vi) the mediated settlement agreement between the parties concerning personal property. In his affidavit, Tedde testified that he created the trust to protect and preserve his assets because he was unable to obtain

---

In her motion, Cathy also seeks damages for her attorney's fees on appeal. We decline to award her damages. *See* Tex. R. App. P. 45 (allowing award of damages for frivolous appeals in civil cases); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that granting sanctions is discretionary if an appellate court determines appeal is frivolous).

[3] Although the documents attached to the motion are not in the appellate record, parties may rely on affidavits and other evidence to establish whether an appellate court retains jurisdiction over an appeal. *See* Tex. Gov't Code § 22.220(c) (appellate courts may consider affidavits and other evidence to determine "proper exercise of its jurisdiction"); Tex. R. App. P. 10.2 (requiring inclusion of affidavits and other evidence with motions in certain circumstances); *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting that appellate court may consider affidavits and other evidence in determining motion to dismiss).

legal malpractice insurance and that he will revoke the trust if this Court finds in his favor so that the trial court will have jurisdiction over all community property in order to divide it.

**ANALYSIS**

Under the acceptance of the benefits doctrine, "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950). "This doctrine arises often in divorce cases when one spouse accepts certain benefits of the judgment and then tries to appeal the remainder of the judgment." *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). "The burden is on the appellee to prove that the appellant is estopped by the acceptance of benefits doctrine." *Id*. When the doctrine applies, an appeal is rendered moot and dismissal is appropriate. *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013, no pet.).

Two narrow exceptions permit an appellant to avoid the doctrine. *Id*.; *Waite*, 150 S.W.3d at 803–04.[4] "The doctrine does not apply when: (1) acceptance of the benefits is because of financial duress or other economic circumstances; or (2) the reversal of the judgment on the grounds appealed cannot possibly affect an appellant's right to the benefits accepted under the

---

[4] The acceptance of the benefits doctrine also may not apply when an appellant supersedes the judgment, temporary orders pending appeal allow the use of funds, or the "'benefit accepted' was cash, the use of which would not prejudice the appellee." *See Sprague v. Sprague*, 363 S.W.3d 788, 793–94 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Here, Tedde failed to post a supersedeas bond, temporary orders did not authorize the transfer of assets to the trust, and Cathy's motion to dismiss focuses on Tedde's transfer of substantial real and personal property to the trust.

judgment." *D.S.W.*, 402 S.W.3d at 332; *see Waite*, 150 S.W.3d at 803–04. The burden is on the appellant to show that an exception applies. *D.S.W.*, 402 S.W.3d at 332; *Richards v. Richards*, 371 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In his response to the motion to dismiss, Tedde argues that he "did transfer only his interest in all of his property that could be legally transferred to the Tedde R. Blunck Living Trust for the purpose of preserving and protecting the property, both personal and real." He states that the purpose of the trust "was to maintain status quo of the property in his possession, nothing more nothing less." He also urges that the trust is revocable so that "all assets can be immediately available." In a subsequent response, he further urges that "[t]he character of the assets transferred to the Trust never changed."

Tedde, however, does not contest that he transferred the control of the property awarded to him in the final decree to the trust.[5] Under the terms of the trust agreement, the trustee also has the power to "sell, exchange, alter, mortgage, pledge or otherwise dispose of trust property."

---

[5] For example, Tedde stated during a post-judgment hearing before the trial court:

> As far as transferring my property and possessions to the living trust, what I transferred was what was awarded to me by the Court. . . . Again, the trust is revocable, it can be changed at any time. But at this point, I have no control over the assets in the trust.

Tedde later testified at the hearing: "All of my assets are in the living trust, which I have no control over." The trust agreement includes a spendthrift provision which provides that the income or corpus of the trust is not "subject to any divorce, execution, garnishment, attachment, insolvency, bankruptcy, or other legal proceeding of any character, . . . or subject, voluntarily or involuntarily, to the payment of such beneficiary's debts or other obligations." Tedde created and transferred the property awarded to him in the divorce decree several months before he filed for Chapter 13 bankruptcy.

Given Tedde's transfer of the property awarded to him to a third party who could then dispose of the property, we conclude that Tedde accepted the benefits of the judgment and that, unless an exception applies, he is estopped from pursuing this appeal. *See Carle*, 234 S.W.2d at 1004; *Waite*, 150 S.W.3d at 803–04.

Turning to the exceptions stated above, Tedde has failed to establish either exception. *See D.S.W.*, 402 S.W.3d at 332; *Richards*, 371 S.W.3d at 415. He has not offered proof that he transferred the property to the trust because of financial duress. *See Waite*, 150 S.W.3d at 805–06 (rejecting argument that affidavit established that "economic circumstances render[ed] his acceptance of the benefits of the judgment involuntary" and noting that "complete absence of any statement in his affidavit that he was unemployed or had no other sources of income"). Rather, his stated reasons for transferring his property to the trust were his inability to obtain legal malpractice insurance and his desire to protect and preserve his assets.

Tedde also has not shown that "reversal of the judgment on the grounds appealed cannot possibly affect [his] right to the benefits accepted under the judgment." *See D.S.W.*, 402 S.W.3d at 332. Appellant seeks reversal of the final decree and a new trial on the property division. In the event of a new trial, he may be awarded more property but he also may be awarded less property. *See Waite*, 150 S.W.3d at 807–08 (concluding second exception to acceptance of benefits doctrine did not apply because reversal might affect appellant's right to the benefits he accepted and noting that appellant might receive more but he also might receive less and that second exception does not apply unless appellant's right to the accepted property is "unquestionable"); *see also Texas State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (describing "narrow" exception

6

to acceptance of benefits doctrine that "as long as an appellant 'accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery'" (quoting *Carle*, 234 S.W.2d at 1004)).

Because we conclude that the acceptance of the benefits doctrine applies and that Tedde has failed to establish an exception to the doctrine, this appeal is rendered moot and dismissal is appropriate.[6] *See D.S.W.*, 402 S.W.3d at 332.

## CONCLUSION

For these reasons, we dismiss the appeal as moot.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed as Moot

Filed:   July 2, 2014

_____

[6] In one of his responses, Tedde also urges that his appeal is not moot because he has "an independent cause of action in contract" based on an alleged failure of Cathy to comply with the mediated settlement agreement. Tedde's appeal, however, is from the trial court's final divorce decree. He states his issue in his appellant brief as to the mediated settlement agreement as follows: "The trial court abused its discretion when it refused to acknowledge and abide by the parties' mediated settlement agreement." Thus, an independent contract claim is not before the Court in this appeal.