

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00119-CV

---

IN THE MATTER OF THE MARRIAGE OF CRYSTAL LYNN
ALLBRITTON AND DAVID WALKER ALLBRITTON

---

On Appeal from the 146th District Court
Bell County, Texas
Trial Court No. 297,737-B, Honorable Jack Weldon Jones, Presiding

---

June 27, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Crystal Lynn Allbritton (Wife) filed the underlying suit for divorce against David Walker Allbritton (Husband) in January 2018. The case was tried to the bench over six settings between April and November 2023. The trial court rendered judgment dissolving the parties' marriage and dividing their community estate on December 28, 2023, and signed a written decree memorializing its judgment on January 25, 2024. Findings of fact and conclusions of law were requested and filed.

Wife presents three issues on appeal. In her first issue, Wife challenges the trial court's admission of exhibits 102–111, which purportedly trace David's inheritance funds.

In her second issue, Wife challenges the trial court's finding that the Aloha condominium was David's separate property. In her third issue, Wife challenges the trial court's award of an equalization payment of $151,808 to David. Because Wife accepted benefits under the decree while pursuing this appeal, we find her third issue waived. We overrule her remaining issues and affirm.

**ANALYSIS**

Wavier Due to Acceptance of Benefits

As an initial matter, we address Husband's argument that Wife has waived error on appeal under the acceptance-of-benefits doctrine. "[T]he acceptance-of-benefits doctrine is a fact-dependent, estoppel-based doctrine focused on preventing unfair prejudice to the opposing party." *Kramer v. Kastleman*, 508 S.W.3d 211, 213–14 (Tex. 2017). Grounded in equity, the doctrine bars appeal when an appellant voluntarily accepts benefits under a judgment and such acceptance disadvantages the opposing party. *Id.* at 217.

The doctrine prohibits a litigant from treating "a judgment as both right and wrong"; she cannot "voluntarily accept[] the benefits of a judgment [and then] prosecute an appeal therefrom." *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (Tex. 1950). The doctrine applies particularly in divorce proceedings when one spouse accepts certain benefits but tries to appeal the remainder of the judgment. *See Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

The burden is on Husband to prove estoppel. Courts analyze ten non-exhaustive factors when determining the doctrine's application, including whether acceptance was

2

voluntary, whether assets have been dissipated beyond recovery, whether the appeal could result in prejudice, and whether any prejudice is curable. *Kramer*, 508 S.W.3d at 228–29.

Two narrow exceptions may preclude the doctrine's application: (1) acceptance due to financial duress, or (2) reversal on the appealed grounds cannot affect the appellant's right to accepted benefits. *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013, no pet.); *Waite,* 150 S.W.3d at 803–04. The doctrine also may not apply when an appellant supersedes the judgment, temporary orders pending appeal allow the use of funds, or the "benefit accepted was cash, the use of which would not prejudice the appellee." *Blunck v. Blunck,* No. 03-13-00074-CV, 2014 Tex. App. LEXIS 7143, at *6–7 n.4 (Tex. App.—Austin July 2, 2014, no pet.) (mem. op.). The burden is on the appellant, here, Wife, to show the application of an exception. *D.S.W.,* 402 S.W.3d at 332; *Richards v. Richards,* 371 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (op. on reh'g).

Third Issue: Equalization Payment to Husband

Appellant's third issue challenges the trial court's award of an equalization payment of $151,808.00 to Appellee. The trial court found that "[d]uring the pendency of the divorce suit, [Wife] had received $151,808.00 more than [Husband] in disbursement of funds from the [Extraco account]." The decree ordered this amount awarded to Husband as a means of equalizing the interim disbursements.

The decree then directed division of the Extraco account as follows:

(1) $265,512.28 was to be retained for federal tax liabilities,

(2) $672,022.22 was to be distributed to Husband as his confirmed separate property, and

(3) the remaining balance was to be divided equally between the parties.

Six days after the judgment was signed, on January 31, 2024, Extraco issued a check in the amount of $160,256.49 to Appellant, reflecting her one-half share of the remaining community balance after the above deductions. Appellant and her attorney endorsed and deposited this check on February 29, the day before she filed her notice of appeal. By accepting the distribution of funds from the Extraco account, Appellant affirmed the decree's benefits even as she now challenges its fundamental accounting. These actions are fundamentally inconsistent with her current challenge to the decree's financial accounting.

In *Blunck v. Blunck*, the Third Court of Appeals—whose precedent guides our analysis in this transferred appeal[1]—held that acceptance of benefits bars appeal when the accepted benefits and challenged ruling are functionally-related and not readily severable. 2014 Tex. App. LEXIS 7143, at *6. The disbursement Appellant accepted here stems from the same accounting and distribution mechanism that underlies the equalization payment. Accepting funds from the decree while challenging the decree's financial distribution would unfairly prejudice Appellee, who has relied upon the judgment's framework.

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022).

4

Appellant did not file a reply brief and has not identified any exception to the doctrine. There is no evidence that her acceptance was compelled by duress or other economic circumstances, that her right to the funds would remain unaffected by a reversal, or that she superseded the judgment to preserve her appellate rights.

Accordingly, we hold that Appellant is estopped from challenging the equalization payment.

First Two Issues: Characterization of Aloha as Husband's Separate Property

We next address Wife's first two issues, which pertain to characterization of a condominium (referred to as the Aloha Condominium) as Husband's separate property. Wife challenges both the admission of certain exhibits and the sufficiency of evidence supporting the property characterization.

To the extent that this property has not been waived by Wife's acceptance of benefits under the judgment, we find that wife fails to show how the alleged mischaracterization of separate property requires reversal of the judgment. Both the evidentiary and the sufficiency argument concludes that due to a lack of evidence, the trial court could not have found the Aloha Condominium as Husband's separate property.

"All marital property is . . . either separate or community. If acquired before marriage by any method, or after marriage by gift, devise or descent, it is separate; otherwise, it is community." *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex.1979). Trial courts possess broad discretion in dividing the marital estate, and we presume the trial court properly exercised its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

5

"Mere mischaracterization of community property as separate, in the estate of the parties alone, does not require reversal." *Boyd v. Boyd*, 131 S.W.3d 605, 617 (Tex. App.—Fort Worth 2004, no pet.). When a trial court mischaracterizes community property as separate property, the error does not require reversal unless the property would have affected the trial court's just and right division of community property. *DeSpain v. DeSpain*, 704 S.W.3d 866, 870 n.2 (Tex. App.—Austin 2024, no pet.).[2] This harm requirement exists because trial courts possess broad discretion in property division, and mere recharacterization without demonstrated prejudice would not justify reversal of an otherwise equitable distribution. The law does not require the trial court to divide community property equally. *Murff,* 615 S.W.2d at 699. Instead, the trial court must divide the community estate "in a manner that the court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001.[3]

The party challenging the alleged mischaracterization therefore bears the burden of demonstrating that because of the mischaracterization the overall division of property constituted an abuse of discretion, requiring remand. *Attaguile*, 584 S.W.3d at 177; *In re Marriage of Moncey*, 404 S.W.3d 701, 715 (Tex. App.—Texarkana 2013, no pet.) (finding trial court's mischaracterization of separate property was harmless because appellant failed to prove harm by showing any effect on the trial court's just and right division of

---

[2] *Citing Attaguile v. Attaguile*, 584 S.W.3d 163, 176–77 (Tex. App.—El Paso 2018, no pet.); *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.).

[3] The trial court's findings of fact and conclusions of law show its comprehensive consideration of the factors required for a just and right division under Texas Family Code § 7.001. In addition to traditional factors such as length of marriage, age and health of the parties, earning capacity disparities, and tax consequences, the court specifically found that Wife's conduct resulted in "significant waste" of community assets through unnecessary expenditures and failure to comply with discovery orders. Wife does not challenge these misconduct findings on appeal.

community property); *Viera v. Viera*, 331 S.W.3d 195, 207 (Tex. App.—El Paso 2011, no pet.) ("[A] party challenging the trial court's characterization must first establish error by challenging the legal or factual sufficiency of the evidence to support the separate property characterization, and must then conduct a harm analysis and show that because of the mischaracterization, the overall division of the property constitutes an abuse of discretion.").

We find that Wife presents no reversible error in her complaint of the Aloha Condominium's characterization as separate property. TEX. R. APP. P. 44.1(a)(1). Even if we agree with her that the Aloha property should have been characterized as community property, Wife did not show how the mischaracterization affected the overall property division or constitutes an abuse of the trial court's discretion in light of the entire community estate.

Accordingly, we overrule Wife's first and second issues.

## CONCLUSION

Having overruled Wife's issues, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Quinn, C.J., concurring in the result.

7